UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AROR-ARK ARK O'DIAH,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION et al.,<br><br>    *Defendants*. | Civil Action No. 25-3657 (TJK) |

## MEMORANDUM

Plaintiff Aror-Ark Ark O'Diah, proceeding pro se, brings a set of far-reaching claims against 84 Defendants, including an array of federal, state, and city officials, federal judges, the Chief Justice of the United States, banks, telecom companies, hospitals, retail stores, and real estate companies. ECF No. 1. He alleges that they conspired to discriminate against him, deny him access to business services and the courts, and kidnap and murder him. *See id.* at 3–4. Several Defendants have moved to dismiss, arguing in part that the allegations fail to state a claim. *See* ECF Nos. 3, 5, 6, 8, 9, 13, 15, 17, & 19. Because the Court finds that the claims are patently insubstantial, it will sua sponte dismiss the case for lack of subject-matter jurisdiction.

Federal courts have "limited jurisdiction" and must presume unless a party shows otherwise that "a cause lies outside this limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). That limited jurisdiction does not include claims "so attenuated . . . as to be absolutely devoid of merit, wholly insubstantial, or obviously frivolous." *Williams v. Davis*, No. 22-cv-02178 (APM), 2022 WL 3585650, at *1 (D.D.C. Aug. 22, 2022) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)) (alterations adopted). The term for such claims is "patently insubstantial"—and they "may be dismissed on jurisdictional grounds." *Tooley v.*

*Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quotation omitted).  The Court is mindful that pleadings filed by pro se litigants are construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia,* 514 F.3d 1279, 1283 (D.C. Cir. 2008).  But O'Diah's allegations, even read in the most generous light, fall under the ambit of "bizarre conspiracy theories" that warrant sua sponte dismissal.  *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

Indeed, the allegations here are strikingly like those in two other cases recently filed by Plaintiff in this District that were dismissed sua sponte.  *See O'Diah v. Moss*, No. 24-cv-2735 (ACR) (dismissed on June 12, 2025); *O'Diah v. DOJ*, No. 25-cv-2220 (TSC) (dismissed on September 25, 2025).  As in those cases, Plaintiff alleges a multi-decade-long conspiracy undertaken by dozens of public officials, private citizens, corporations, and other entities to injure him and his late wife.  *See generally* ECF No. 1.  Dismissal of this case is warranted as well.[1]

The Court notes that Plaintiff's record as a vexatious and frivolous litigant is well established.  One court recently described how Plaintiff had filed nearly 100 cases in federal courts around the country.  *O'Diah v. Small Bus. Admin.*, 22-cv-4685, 2022 WL 2279765, at *1 n.1 (S.D.N.Y. June 14, 2022).  As a result of this "pattern of vexatious and frivolous litigation," *id.* at *2, several courts have placed filing restrictions on Plaintiff, *see id*. at *1 n.1.  Judges Reyes and Chutkan previously warned Plaintiff that they would issue a similar order if he continued to

---

[1] Judges Reyes and Chutkan dismissed those cases for failure to state a claim, which is also justified here for the same reasons.  A district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint."  *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C. 2015) (quoting *Rollins v. Wackenhut Servs., Inc*., 703 F.3d 122, 127 (D.C. Cir. 2012)), *aff'd*, 621 F. App'x 676 (D.C. Cir. 2015); *see also Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C. 1990) (courts may act sua sponte when the complaint "indisputedly" contains "no factual and legal basis for the asserted wrong").

"repackage previously dismissed claims into new cases."  No. 25-cv-2220 (TSC), ECF No. 92.  This Court joins them in warning Plaintiff that if he continues this pattern, it will do so as well.

For the above reasons, the Court will dismiss this case sua sponte for lack of subject-matter jurisdiction because the claims in the Complaint are patently insubstantial.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 12, 2025